## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT APPLICATION

I, James F. Loomis, being duly sworn, depose and state as follows:

**Affiant Background and Purpose of Application**

1. I submit this affidavit in support of an application for a criminal complaint charging Michelle J. Zajko with violating Title 18, United States Code, Section 924(a)(1)(A) on or about February 13-14, 2024, in the District of Vermont by knowingly making a false statement and representation to a Federal Firearm Licensee (FFL) with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of the FFL in connection with her purchases of firearms.

2. I am a Task Force Agent (TFA) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and I have been since September 2023. In my capacity as a TFA, I am familiar with the federal laws relating to the acquisition, possession, storage, and transfer of firearms as well as those relating to the possession, distribution, possession with the intent to distribute, and conspiracy to distribute controlled substances. I have been trained in the investigation of violations of those laws, and I have participated in many such investigations. I have applied for and/or participated in the execution of search warrants related to those investigations, including searches of residences, vehicles, and electronic devices. I have participated in all phases of investigations of those violations, including reviewing FFL inventory and sales records, tracing recovered firearms to the point of initial sale, interviewing FFL employees, and interviewing individuals who have purchased and subsequently sold, traded, or transferred firearm.

3. The information contained within this affidavit is based upon my training and experience, my own investigative efforts, and investigation by other law enforcement officers with whom I have spoken or whose reports I have reviewed. The following is either known to me

1

personally or has been related to me by persons having direct knowledge of the events described below. The information in this affidavit is meant to set forth probable cause to believe that Michelle Zajko committed certain offenses; it does not necessarily include every fact known to law enforcement about the events described below. Unless otherwise specified, the statements described in the following paragraphs are related in sum and substance and are not meant to be direct quotations or complete descriptions.

### Probable Cause

4. On January 20, 2025, I responded to the Vermont State Police (VSP) Barracks in Derby, Vermont to assist in the investigation of an officer-involved shooting near Coventry, Vermont. Based on statements and reports from law enforcement agents that I have reviewed, the shooting occurred while Border Patrol Agent (BPA) David Maland was conducting a roadside investigation with the occupants of a Toyota Prius bearing North Carolina license plate KLA 2040, which is registered to Felix Bauckholt, on Interstate 91 in Orleans County, Vermont. The occupants of the Prius were identified as Teresa Youngblut and Felix Bauckholt. When Border Patrol Agents had Youngblut and Bauckholt exit the vehicle, Youngblut drew a handgun and pointed it at BPA Maland. Two .40-caliber casings recovered at the scene support the inference that she fired the handgun twice. Another Border Patrol Agent returned fire, wounding Youngblut; that agent then observed Bauckholt attempting to draw a firearm, and the agent fired at and wounded Bauckholt. Both BPA Maland and Bauckholt died as a result of gunshot wounds sustained during the exchange. Following the incident, Youngblut and Bauckholt were each found to be in direct possession of a handgun—Youngblut was holding a Glock 23 .40-caliber semi-automatic pistol, and Bauckholt had a Smith & Wesson M&P Shield EZ .380-caliber semi-automatic pistol in a holster on his waistband. While assisting with the investigation, I was

forwarded the serial numbers for those two firearms, and I initiated an emergency trace on the firearms to determine their original point(s) of sale. The Glock 23 .40-caliber pistol bore serial number PG118 US, and the Smith & Wesson M&P Shield EZ .380-caliber pistol bore serial number REP6547.

5. A short time later, I received information from the ATF National Tracing Center that the .380-caliber pistol had been traced to The Last Frontier, an FFL located in Mount Tabor, Vermont. As an FFL, under the supervision of ATF, The Last Frontier could lawfully engage in the business of dealing in firearms, provided it maintained appropriate records and abided by legal restrictions on the transfer of firearms. An individual attempting to purchase a firearm from an FFL must fill out a Firearms Transaction Record (an ATF Form 4473) to assist in the background check and evaluation process by which an FFL determines if the purchaser may be a lawful purchaser of a firearm. The Form 4473 requires the purchaser to provide identifying information and to answer a series of yes/no questions. The FFL then verifies the person's identity using some form of identification, such as a state-issued driver's license, and conducts the required background check. FFLs must maintain the ATF Form 4473 relating to a firearm purchase as a business record to be made available to ATF for review.

6. I contacted the owner/manager of the FFL in Mount Tabor to request records regarding the sale of the .380-caliber pistol. The owner/manager located an ATF Form 4473 and an ATF Form 3310.4 (Report of Multiple Sale or Other Disposition of Pistols and Revolvers) pertaining to the .380-caliber pistol. According to those records, Michelle Jacqueline Zajko purchased three handguns from the FFL on or about February 14, 2024, and the Smith & Wesson .380-caliber pistol recovered from Felix Bauckholt on January 20, 2025, appeared to be one of those three. The serial number for the .380 pistol had been recorded on both ATF forms as

PEP6547 (as opposed to REP6547). The FFL's ATF forms also indicated that a Glock 23 .40-caliber pistol was part of the three-gun purchase. The serial number for the .40-caliber pistol had been recorded on both ATF forms as PO118 (opposed to PG118US, which was the .40-caliber Glock pistol seized from Teresa Youngblut). Through review of additional FFL records, however, I have since verified that both serial numbers—REP6547 and PG118US—were in the FFL's inventory at the time of the sale. Accordingly, the serial numbers hand-written into the ATF forms were likely the result of transcription error. The third firearm listed in the ATF forms as being purchased by Michelle Zajko from the FFL on or about February 14, 2024, was a Ruger LCP .22LR pistol with serial number 381111345. To my knowledge, law enforcement has not recovered that firearm to date.

7.  I later learned that Michelle Zajko had also purchased a Sig Sauer P365 pistol from The Last Frontier on or about February 13, 2024—the day before the three-gun purchase described above. The FFL forwarded the ATF Form 4473 for that purchase to ATF, and I have personally reviewed the two ATF Forms 4473 Michelle Zajko completed for both transactions in February 2024.

8.  On both 4473 forms Zajko filled out at The Last Frontier in February 2024, she listed her "Current State of Residence and Address" in box 10 as 1300 Webster (Road) in Orleans, VT. On both forms, Zajko answered "Yes" to the following question at block 21.a on those forms: "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)? **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person.**" (emphasis in original form). On both forms, Zajko signed box 22, certifying that all information on the form was "true, correct, and complete" and that she understood "making any false oral or written

4

statement, or exhibiting any false or misrepresented identification with respect to this transaction, is a crime punishable as a felony under Federal law."

9. As part of my investigation, I reviewed information about the residence Zajko had listed on her 4473 forms in February 2024 at the FFL in Mount Tabor, Vermont. Through real estate records, I learned that the 1300 Webster Road residence in Orleans, Vermont had been owned by a trust bearing the name of Zajko's former romantic partner, with whom law enforcement was familiar as part of this investigation. I learned from a real estate company involved with the Webster Road residence that a plumber was hired by the trust to go to the residence in February 2023 because the residence had been abandoned without having been winterized, and water pipes had subsequently burst. The real estate company also indicated that the trust was preparing to put the property up for sale at that time. The property was thereafter sold from the trust to new owners on or about July 28, 2023, based on property records I have reviewed. Through my investigation, I learned that the new owners took occupancy of the Webster Road residence shortly after closing and that they did not thereafter rent the property to anyone else. Accordingly, Zajko was not a resident of 1300 Webster Road in Orleans, Vermont when she filled out the 4473 forms with that address at The Last Frontier in February 2024.

10. As part of my investigation, I queried Michelle Zajko in state and federal law enforcement database. I learned that Zajko did not have any reported criminal arrests or convictions, but I located an entry regarding the execution of search warrants at Zajko's prior residence at 1300 Webster Road in Orleans, Vermont by VSP in January 2023 and April 2023. Those state search warrants appear to have been related to the investigation of the double homicide of Zajko's parents in Chester Heights, Pennsylvania on or about December 31, 2022. Zajko remains a person of interest in that homicide investigation.

5

11. Based on Pennsylvania State Police (PSP) records I have reviewed, the search warrant at Zajko's former Orleans residence in January 2023 was executed in conjunction with the January 12, 2023, execution of Pennsylvania state search warrants for Zajko's person, for a Pennylvania hotel room where Zajko was staying while in Pennsylvania for her parents' funeral, and for Zajko's registered vehicle that was with her at the hotel. PSP investigators indicated that Zajko and her associates, who were staying at another room in the hotel, were not cooperative with the homicide investigation. After being processed, Zajko was released, and she left the State Police Barracks despite being asked to wait in the lobby so her vehicle could be returned to her. She departed, abandoning her vehicle and approximately $40,000 in cash that was found in the vehicle. She did not respond to further attempts by PSP and VSP to contact her, and law enforcement is not aware of any evidence of her having returned to the Webster Road address in Orleans, Vermont after she left the State Police Barracks in Pennsylvania. After she departed the Barracks, PSP executed an additional search warrant for the hotel room in which her associates were staying, and they seized a Smith & Wesson M&P 9-millimeter firearm and five boxes of 9-millimeter ammunition from the room. A trace of that firearm indicated Michelle Zajko had purchased it on or about February 4, 2022, from an FFL in Orleans County, Vermont.

12. I have reviewed records held by the Vermont Department of Motor Vehicles (DMV) regarding Michelle Zajko. Zajko was first issued a Vermont driver's license on February 3, 2022—the day before she purchased the Smith & Wesson M&P 9-millimeter firearm using that driver's license. At that time, she listed both her physical and mailing address as 1300 Webster Road, Orleans, Vermont. On October 4, 2023, Zajko applied for and was issued a replacement Vermont driver's license. When submitting that application, which appears to have occurred online, Zajko's left her physical address as 1300 Webster Rd. in Orleans, VT; however, she

6

changed her mailing address to 9169 W State St. #436 Garden City, ID. Open-source research for that address showed it is associated with a Commercial Mail Receiving Agency (CMRA), physicaladdress.com, who according to their website offers a "virtual mailbox." Physicaladdress.com provides a unique physical address and then scans envelopes received at that address to a virtual mailbox customers can log into on the internet. The customer can then see what mail was received virtually and select whether to have the CMRA open the envelope and scan in its contents, forward the envelope to another address, or shred the envelope.

13. As part of the investigation, I examined data captured on License Plate Readers (LPR) in New York around the time of Zajko's firearm purchases at the FFL in Mount Tabor on or about February 13 and 14, 2024, specifically looking for any record of Felix Bauckholt's Toyota Prius with North Carolina license plate KLA 2040 being in the vicinity. I note that Mount Tabor is in the southwestern portion of Vermont, south of Rutland on Route 7. The following data were noted:

- February 13, 2024, 12:41 a.m., northbound Interstate 87 at New Windsor, NY;
- February 13, 2024, 1:36 a.m., northbound Interstate 87 at Saugerties, NY;
- February 16, 2024, 5:58 p.m., southbound Interstate 87 at Saugerties, NY; and
- February 16, 2024, 6:43 p.m., southbound Interstate 87 at New Windsor, NY.

The LPR data would be consistent with Bauckholt's vehicle being driven toward southwestern Vermont in the early morning hours of the day that Zajko purchased the Sig Sauer P365 pistol and being driven away from Vermont two days after Zajko purchased the two pistols that were later seized from Felix Bauckholt and Teresa Youngblut on January 20, 2024. Michelle Zajko may have returned to Vermont specifically to purchase the firearms using her still-valid Vermont Driver's License that bore the address of her previous residence.

## Conclusion and Requests

14. Based on the above facts, I submit there is probable cause to believe that on or about February 13 and 14, 2024, in the District of Vermont, Michelle J. Zajko violated 18 U.S.C. § 924(a)(1)(A) by knowingly making a false statement and representation to The Last Frontier—a business licensed under the provisions of Chapter 44 of Title 18, United States Code—with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of The Last Frontier, in that the defendant provided a false residential address in the ATF Form 4473. I request the Court issue a Criminal Complaint charging her accordingly and a warrant for her arrest.

Dated at Burlington, in the District of Vermont, this 18th day of February 2025.

Attested to by reliable electronic means<br>
James F. Loomis<br>
Task Force Agent, ATF

Attested to by the complainant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Facetime teleconference on this _18th_ day of February 2025.

Honorable Kevin J. Doyle<br>
United States Magistrate Judge<br>
District of Vermont