**UNITED STATES DISTRICT COURT**
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | DOCKET NO. 2:25-mj-0021-kjd |
| MICHELLE J. ZAJKO | ) | |

**DEFENDANT'S MOTION TO SECURE HER PROMPT APPEARANCE OR, IN THE ALTERNATIVE, FOR AN ORDER TO SHOW CAUSE**

Defendant Michelle J. Zajko, by and through undersigned counsel, respectfully moves for an order requiring the Government, within seven days, either (1) to take appropriate steps to secure Ms. Zajko's prompt appearance before this Court on the pending Complaint, including by seeking a writ of habeas corpus ad prosequendum if appropriate; (2) to dismiss the Complaint; or (3) to show cause why the Complaint should remain pending without further action. Ms. Zajko is presently in Maryland state custody and, counsel understands, is about to be transferred to Pennsylvania to face separate state charges. The federal Complaint has remained pending without any public docket activity for more than nineteen months.

Ms. Zajko does not contend that Federal Rule of Criminal Procedure 5 or the Speedy Trial Act has already been violated. The federal process has not been executed, and she has not yet been brought before a federal judicial officer. But this is the problem Defendant seeks to address. Although the Government invoked this Court's criminal jurisdiction in February 2025, Ms. Zajko has remained continuously available in known state custody while the federal matter has remained dormant. A writ of habeas corpus ad prosequendum provides a familiar mechanism for temporarily producing a state prisoner in federal court without displacing the sending sovereign's primary custody. Ms. Zajko asks the Court to require the Government to decide whether it intends to proceed and, if it does, to begin the ordinary federal criminal process now

rather than allow the Complaint to remain unresolved while she passes from one state custodian to another.

## I. BACKGROUND

On February 18, 2025, the Government filed a criminal Complaint in this District charging Ms. Zajko with violating 18 U.S.C. § 924(a)(1)(A), by knowingly making a false statement and representation to a Federal Firearms Licensee. (Doc. 1)

The public docket reflects no activity after the filing of the Complaint and its supporting affidavit on February 18, 2025. No initial appearance, arraignment, indictment, information, or other proceeding is reflected on the docket. Undersigned counsel has been informed that Maryland authorities expect to transfer Ms. Zajko to Pennsylvania in the near term to face separate charges pending in Pennsylvania.

More than nineteen months have elapsed since the federal Complaint was filed. During that time, Ms. Zajko has not been brought before this Court for an initial appearance, and the public docket reflects no move toward adjudication. Ms. Zajko's present location is known and she is not a fugitive from the federal charge. She is physically available to be produced from state custody through established inter-sovereign procedures. Her impending transfer to Pennsylvania will add another custodial transition while leaving the federal accusation unresolved.

Through this motion, Ms. Zajko affirmatively requests that the federal matter proceed. If the Government intends to prosecute the charge it filed in February 2025, she asks to be brought before the Court so that the ordinary federal criminal process can begin.

## II. ARGUMENT

### THE COURT SHOULD REQUIRE THE GOVERNMENT TO ELECT WHETHER IT INTENDS TO PROCEED ON THE PENDING COMPLAINT

The posture of this case warrants a modest case-management order. The Government filed a federal Complaint more than nineteen months ago. Ms. Zajko is now in known state custody, is affirmatively asking to appear, and is reportedly about to be transferred to another sovereign. The public docket contains no proceeding after the Complaint itself. The Court need not decide a constitutional speedy-trial claim or impose the sanction of dismissal at this stage to require the Government to state whether and how it intends to proceed.

Federal courts possess authority to manage matters pending on their dockets, and Rule 48(b) expressly recognizes the Court's supervisory role when a criminal matter is subjected to unnecessary delay. Ms. Zajko does not ask the Court to hold, on the present record, that Rule 48(b) itself requires dismissal for the period before a federal arrest (which would contravene the principles set forth by the Supreme Court in *United States v. Marion*, 404 U.S. 307 (1971)). But the existence of a long-pending complaint remains a legitimate case-management concern, particularly where the accused is readily available to answer the charge and expressly asks to do so.

The Ninth Circuit's decision in *United States v. Huntley,* 976 F.2d 1287 (9th Cir. 1992) is instructive on the form of relief appropriate at this stage. Huntley cautioned against dismissal of an old complaint without prior warning to the Government, but specifically observed that a court concerned about an old complaint and unreturned arrest warrant could order the Government to obtain an indictment within a reasonable time or show cause why the complaint should not be dismissed. *Id*. at 1292. ("if cases are completely inactive for prolonged periods, or perhaps simply too old to be kept on an active calendar, a court surely has power to enter an order of dismissal for want of prosecution even though neither litigant has been prejudiced by the delay.") (quoting *United States v. Clay*, 481 F.2d 133, 137-138 (7th Cir. 1973)).

Ms. Zajko merely requests a measured approach here. Specifically, Ms. Zajko requests an order requiring the Government to act, dismiss, or explain why this matter should remain dormant. That relief is particularly appropriate because the present motion itself eliminates any question whether Ms. Zajko desires delay. She affirmatively seeks to answer the federal accusation. Requiring the Government to state its position now will permit orderly coordination among the federal, Maryland, and Pennsylvania authorities and avoid allowing the case to remain indefinitely unresolved through successive transfers of custody.

Congress has expressly authorized federal courts to issue a writ of habeas corpus when "[i]t is necessary to bring [a prisoner] into court to testify or for trial." 28 U.S.C. § 2241(c)(5). The Supreme Court has long recognized the writ of habeas corpus ad prosequendum as the traditional means by which a federal court obtains the temporary presence of a person held by another sovereign. *Carbo v. United States*, 364 U.S. 611, 615-22 (1961). *Carbo* holds that the writ may operate beyond the territorial limits of the issuing district. *Id.* at 618-22. The Second Circuit likewise recognizes that a state prisoner produced under an ad prosequendum writ is only temporarily "borrow[ed]" for federal proceedings, and the state retains primary custody. *Lugo v. Hudson*, 785 F.3d 852, 855 (2d Cir. 2015). Thus, producing Ms. Zajko in Vermont need not displace the state's primary jurisdiction or interfere with the ultimate disposition of the state proceedings. The writ permits temporary federal production followed by return to the sending sovereign as appropriate.

Nor must the Government first lodge a detainer in order to use the writ. The Supreme Court has held that a federal writ of habeas corpus ad prosequendum is not itself a "detainer" within the Interstate Agreement on Detainers. *United States v. Mauro,* 436 U.S. 340, 360-61 (1978). The Court can therefore require prompt action without prescribing that the Government first lodge a detainer or otherwise unnecessarily complicating the sequence of custody. The relief requested is practical. If the Government intends to prosecute, it can seek the process necessary

to produce Ms. Zajko for her initial federal proceedings, subject to coordination with the state custodian. Once federal process is executed and Ms. Zajko is brought before a judicial officer, Rule 5's presentment protections and the applicable provisions of the Speedy Trial Act will govern the ensuing federal proceedings.

The Government's filing of the Complaint placed a federal accusation against Ms. Zajko on this Court's docket. The public docket now reflects more than nineteen months of inactivity. That delay is not, on the present record, a basis for Ms. Zajko to claim that Rule 5 has already been violated: Rule 5(a)(1) applies "[u]pon an arrest," and no federal arrest is reflected here. Nor does Ms. Zajko rely on the Speedy Trial Act's thirty-day indictment clock, which ordinarily begins with federal arrest or service of summons. 18 U.S.C. § 3161(b). Likewise, Ms. Zajko does not ask the Court to resolve a Sixth Amendment speedy-trial claim on the present motion.

The limitations of Rule 5, the Speedy Trial Act and the Sixth Amendment do not mean that a criminal complaint may simply remain dormant without explanation while the accused sits in known custody and affirmatively asks to answer it. The practical prejudice from continued inaction is real even apart from a presently matured constitutional claim. Ms. Zajko remains subject to an unresolved federal accusation while moving through separate state custodial systems. She cannot obtain a federal release or detention determination, receive the ordinary advisements that accompany an initial appearance, or place the federal case on a normal litigation schedule until the Government acts. Requiring the Government to act or show cause now avoids needless uncertainty without prejudging any ultimate charging, detention, speedy-trial, or dismissal issue.

If the Government does not intend to promptly prosecute, the appropriate alternative is to dismiss the Complaint rather than leave it pending indefinitely. At a minimum, the Government should be required to show cause why the Complaint should remain open despite the length of inactivity, Ms. Zajko's known availability, and her express request to appear.

## III. CONCLUSION

For these reasons, Defendant respectfully requests an Order requiring the Government, within seven days, to: (1) take appropriate steps to secure Ms. Zajko's prompt appearance on the pending Complaint, including by seeking a writ of habeas corpus ad prosequendum if appropriate; (2) dismiss the Complaint; or (3) show cause why the Complaint should remain pending without further action.

Dated at Stowe, Vermont this 17th day of September 2026.

Respectfully submitted,

By: /s/ Chandler W. Matson
Chandler W. Matson, Esq.
125 Mountain Road
Stowe, Vermont 05672
Phone: 802.253.6272
Email: chandler@barrlaw.com

*Counsel for Defendant Michelle J. Zajko*

## CERTIFICATE OF SERVICE

This is to certify that on the 17th day of September 2026, I, Chandler W. Matson, counsel for Michelle Zajko, served a copy of a Defendant's Motion to Secure Prompt Appearance on the attorney of record for the Government, AUSA Matthew Lasher, on behalf of the Defendant by delivering a copy of same *via* ECF Electronic Filing.

DATED AT Stowe, Vermont this 17th day of September 2026.

Respectfully submitted,

By: /s/ Chandler W. Matson, Esq.
Chandler W. Matson, Esq.
125 Mountain Road
Stowe, Vermont 05672
Phone: 802.253.6272
Email: chandler@barrlaw.com
*Counsel for Defendant Michelle J. Zajko*